By the Court, Nelson, Ch. J.
The court of chancery has no inherent original jurisdiction to direct the sale of the real estate of an infant. (Taylor v. Phillips, 2 Ves. 23; Russel v. Russel, 1 Molloy, 525; In the matter of-a minor, id. 528; Macpherson On Inf. 311, 312.) In Taylor v. Phillips, Lord Ch. Hardwicke observed: “ There is no distance of this court’s binding the inheritance of an infant by any discretionary act of the court. As to personal things, as in the composition of debts, it has been done; but never as to the inheritance; for that would be taking on the court a legislative authority, doing that which is properly the subject of a private bill.” And in the late case of Mussel v. Mussel, Lord Chancellor Hart said: “I have no authority to bind an infant’s legal real estate. That was decided long ago by Lord Hardwicke in Taylor v. Phil *417 lips. The chancellor has never since attempted to deal with the legal inheritance of infants, without the aid of an act of parliament.”
The jurisdiction of chancery, therefore, in cases of this kind, rests altogether upon the statute. Independently of an authority derived from the legislature, that court has no right to entertain the question or direct a sale.
The first act in this state conferring the authority, was passed on the 9th of April, 1814, (Sess. L. of 1814, p. 128,) and contained no qualification except that the chancellor should be satisfied the sale was “ necessary and proper for the maintenance or education” of the infant. The next act was passed on the 24th of March, 1815. (Sess. L. of 1815, p. 103.) This enlarged the power previously conferred, by authorizing a sale whenever it should satisfactorily appear to the chancellor that “ the interest of the infant” would be promoted thereby; but it provided “ that nothing contained in the act should authorize the sale or disposition of any lands or term against the provisions of any last will or conveyance.” (Id. § 3.)
These acts were embodied in the revised statutes, and the proviso in the act of 1815 made applicable to the whole of the authority conferred: so that a sale cannot now be ordered in any case contrary to the will or- conveyance by which the infant acquires his title. (2 R. 195, §1175, 6.) Such cases are expressly excepted from the grant of power; and the vice chancellor was as destitute of jurisdiction in the present instance, as he would have been had no statute ever existed. His order authorizing the sale was therefore utterly void, and no title passed by the deed given under it.
That the testator in this case forbid any sale or disposition of the real estate until the year 1837, the period when the plaintiff became of age, is too apparent to call for observation.
For these reasons I think the verdict is right, and that a new trial should not be granted.
New trial denied.